United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF TEAMSTERS BENEFIT TRUST,<br><br>          Plaintiff,<br><br>  v.<br><br>LANCE SOARES, INC., dba CLEAN SWEEP ENVIRONMENTAL,<br><br>          Defendants.<br>_____/ | Case No.  C-11-00657 JCS<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Docket No. 14]** |

## I. INTRODUCTION

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiff brings a Motion for Default Judgment ("the Motion") seeking entry of default judgment, an injunction requiring Defendant to provide specified documents and submit to an audit of its books and records, and an award of attorneys' fees and costs . The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civ. L. R. 7-1(b), and therefore **vacates the hearing set for Friday, July 29, 2011**.  For the reasons stated below, it is recommended that the Motion be GRANTED, that the Court enter an injunction requiring Defendant to submit to an audit, and that Plaintiff be awarded $5,490.13 in attorneys' fees and costs.

## II. BACKGROUND

The Complaint in this action is brought by the Trustees on Behalf of Teamsters Benefit Trust ("Plaintiff" or "Trust Fund"). Complaint, ¶ 3.  Plaintiff alleges that it is "an employee benefit plain within the meaning of 29 U.S.C. § 1002 and § 1132(d)." *Id.*  The Complaint names as Defendant Lance Soares, Inc., doing business as Clean Sweep Environmental ("Defendant"). *Id.*, ¶ 4.

Plaintiff alleges that Defendant was signatory to and bound by a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters, Local Union No. 150 (AFL-

CIO) ("the Union") by virtue of signing an Individual Construction Agreement with the Union that incorporated by reference the CBA. *Id.*, ¶ 6 & Ex. A (Individual Construction Agreement signed by Defendant on Aug. 5, 2008). Plaintiff further alleges that Defendant was signatory to a Subscriber's Agreement with the Trust Fund that obligated Defendant to make health and welfare contributions on behalf of its covered employees to the Trust Fund in accordance with the Agreement and Declaration of Trust of the Teamsters Benefit Trust ("Trust Agreement"). *Id.*, ¶ 7, Ex. B (Agreement and Declaration of Trust of the Teamsters Benefit Trust ("Trust Agreement") & Ex. C (Subscriber's Agreement).[1]

Article III, Section 3.4 of the Trust Agreement provides that employers must submit to an audit by an accountant chosen by the Board of Trustees. *Id,* ¶ 8 & Ex. B (Trust Agreement), Article III, Section 3.4. According to Plaintiff, on June 9, 2010, the Trust Fund auditor sent Defendant a letter requesting that Defendant contact the Trust Fund auditor's office to schedule an appointment for a payroll audit and provide payroll and other employer documents and records for the period of July 1, 2007 to the present. *Id*., ¶ 9. Defendant failed to comply with the request. *Id*., ¶ 10 & Ex. D (June 9, 2010 Letter).

Plaintiff filed the Complaint in this action on February 14, 2011, pursuant to 29 U.S.C. § 1132(g), seeking an order requiring that Defendant submit to an audit as well as an award of any contributions shown to be due upon completion of the audit, liquidated damages, interest, costs, attorneys' fees and audit fees. Defendant failed to appear or otherwise file a responsive pleading in this action. Pursuant to Federal Rule of Civil Procedure 55(a), default was entered on March 21, 2011. *See* Docket No. 9.

Plaintiff filed the instant Motion on May 4, 2011. In the Motion, Plaintiff seeks a mandatory injunction requiring the Defendant to submit to an audit of their financial records and provide:

(a) Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

---

[1]The Court notes that Plaintiff has, in the text of its Complaint, misidentified Exhibit A as being the "Trust Agreement" and Exhibit B as being the "Individual Construction Agreement." *See* Complaint ¶ ¶ 3, 6. In fact, Exhibit A to the Complaint is the "Individual Construction Agreement" and Exhibit B is the Trust Agreement. *See* Complaint, Ex. A & B.

  (b) California state quarterly payroll tax returns (Form DE 6);

  (c) Monthly transmittals to the Trust showing the names reported for benefits;

  (d) Monthly hours summaries or other documents used to facilitate accurate reporting;

  (e) Detailed documentation of the job classifications of employees not reported to the Trust;

  (f) Monthly transmittals to other Trust Funds;

  (g) Time cards for the most recent full quarter or the current year;

  (h) Collective bargaining agreement, for the entire testing period, covering employees who are reported to the Trust; and

  (i) Seniority lists covering the entire testing period for the period of July 1, 2007 to the present.

Motion at 2. In addition, Plaintiff requests an award of attorneys' fees in the amount of $4,950.00 and $540.13 in costs. *Id*. at 5.

## III. ANALYSIS

### A. Adequacy of Service of Process

As a preliminary matter, where entry of default judgment is requested, the Court must determine whether service of process was adequate. *Bank of the West v. RMA Lumber Inc.*, 2008 WL 2474650 at *2 (N.D. Cal. June 17, 2008). Plaintiff has presented evidence that the Complaint was served on Defendant by personal service pursuant to the Federal Rules of Civil Procedure by a registered California process server. *See* Declaration of Catherine E. Arostegui in Support of Motion for Default Judgment ("Arostegui Decl."), Ex. A (Summons and Proof of Service). Therefore, service of process was adequate.

### B. Legal Standard

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b). Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. Fed. R. Civ. Proc. 8(b)(6); see also

3

*Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). A defendant's default, however, does not automatically entitle the plaintiff to a court-ordered default judgment. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).

"Granting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 2010 WL 2889490 at *2 (C.D. Cal. Jul. 19, 2010) (quoting *Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123 at *1 (C.D. Cal. Feb. 13, 2004)). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment:

> (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### C.  *Eitel* Factors

#### 1.  Possibility of Prejudice to Plaintiff

The Court first considers whether Plaintiff will suffer prejudice if a default judgment is not entered. *See Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Defendant has failed to appear in, or otherwise defend this action, thereby leaving Plaintiff without a remedy if default judgment is not entered in its favor. Therefore, this factor weighs in favor of entry of default judgment.

#### 2.  Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

Next, the Court weighs the second and third *Eitel* factors, the substantive merit of the plaintiff's claim and the sufficiency of the pleadings to support the claim. Plaintiff brings its claim under ERISA, which provides that:

> a civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the *terms of the plan*.

29 U.S.C. § 1132(a)(3) (emphasis added). Plaintiff has alleged that the Trust Agreement in this case

gives the Trust Fund the right to audit the records of the employer so long as the audit is done in furtherance of a proper purpose. Complaint, ¶ 8 (citing Trust Agreement, Article III, § 3.4(a)). In addition, Plaintiff has provided a copy of the Trust Agreement showing that it is entitled to an audit under the circumstances alleged here. *See* Complaint, Ex. B (Trust Agreement, Article III, § 3.4). Therefore, the Court concludes that these factors weigh in favor of default judgment.

### 3. Amount at Stake

Fourth, under *Eitel*, the court must balance the amount of money at stake in the claim in relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471-72. Here, Plaintiff seeks $5,490.13 in attorneys' fees and costs against Defendant, in addition to a mandatory injunction. The Court finds this amount is commensurate with the amount Plaintiff has demonstrated it is owed under the Trust Agreement. Therefore, the Court finds that this factor favors entry of default judgment.

### 4. Possibility of Dispute

The fifth *Eitel* factor weighs the possibility that material facts may be in dispute. *Id.* Because Defendant has failed to respond in this action, it is not possible to evaluate whether there are disputes of material facts. Therefore, this factor is neutral.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor weighs whether Defendant's default may have been the product of excusable neglect. *Id.* Here, Plaintiff has demonstrated that it has properly served Defendant with, *inter alia*, a Summons and Complaint, as well as the instant motion. Defendant nonetheless failed to appear, indicating that its failure to appear was willful. Therefore, this factor weighs in favor of entry of default judgment.

### 6. Policy for Deciding Cases on the Merits

The seventh *Eitel* factor takes into account the policy consideration that whenever possible, cases should be decided on their merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b) indicates that the preference of disposing of cases on their merits is not absolute. *Pepsico*, 238 F. Supp. 2d at 1177. Defendant has failed to respond or otherwise defend itself in this action, such that deciding the case upon its merits is not possible. Therefore, this factor is neutral.

1  Weighing the *Eitel* factors discussed above, the Court concludes that default judgment
2  should be entered against Defendant.

### D. Requested Relief Under Section 1132(g)(1)

#### 1. Injunctive Relief

Once liability is established through a defendant's default, a plaintiff is required to establish that the requested relief is appropriate. *Geddes*, 559 F.2d at 560. As stated above, under 29 U.S.C. § 1132(a)(3), a plan fiduciary may bring an action to enforce the terms of the plan. It is established that where an employer is bound by a collective bargaining agreement, the requirement that the employer submit to an audit is enforceable under ERISA, even if that requirement is found in a trust agreement incorporated in the collective bargaining agreement rather than in the collective bargaining agreement itself. *See Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1494 (9th Cir. 1990) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 568 (1985)).

Here, Plaintiff seeks to conduct an audit, pursuant to Article III, Section 3.4 of the Trust Agreement, as set forth above. Plaintiff's request is necessary for the proper administration of the Trust Funds and properly mandated by the Trust Agreement. Therefore, Plaintiff's request for an order requiring that Defendant submit to an audit of Defendant's record for the period of July 1, 2007 to the present should be GRANTED.

#### 2. Attorneys' Fees and Costs

Under ERISA, the Court has discretion to "allow reasonable attorney[s'] fee[s] and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Ninth Circuit instructs courts to consider five factors in determining whether an award of attorney' fees is appropriate. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)). In particular,

> courts should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties positions.

*Id.* at 453 (citations omitted). The Ninth Circuit has further instructed that § 1132(g)(1) "should be

read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotations omitted) (internal citations omitted).

The Court concludes, based on consideration of the factors articulated in *Hummell*, that Plaintiff is entitled to an award of attorneys' fees incurred in this action. First, Defendant has acted in bad faith because it has ignored Plaintiff's request for an audit, to which Plaintiff is entitled under the terms of the Trust Agreement, and has failed to appear in this action despite proper service. Second, an award of fees and costs will likely deter other employers from refusing to comply with the audit requirements of their trust agreements. Third, Plaintiff has incurred attorneys' fees and costs in connection with its attempt to conduct an audit, which in turn, is aimed at enforcing the requirement that employers pay required contributions under the Trust Agreement. Enforcement of this requirement benefits not only the Trust but also the beneficiaries of the Trust. Fourth, the evidence presented by Plaintiff demonstrates that Plaintiff's claims have merit and that Defendant has breached the terms of the Trust Agreement by failing to submit the requested documents for an audit. Therefore, the Court finds that Plaintiff is entitled to an award of attorneys' fees and costs.

### a. Calculation of Attorneys' Fees

In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours for each attorney. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

Here, Plaintiff seeks $ 4,950.00 in attorneys' fees. The $4,950.00 in attorneys' fees is calculated based on an hourly rate of $250.00/hour for 19.8 hours of work. Arostegui Decl., ¶ 8-10. In her declaration, Arostegui states that "to the best of [her] knowledge, $250.00 per hour for attorney time is commensurate with the customary hourly fee for services rendered in similar cases." Plaintiff has also provided an itemized description of the time billed by counsel, which the Court has

reviewed. *Id.*, Ex. C.  The Court finds that both the hours billed by Plaintiff and the hourly rate requested to be reasonable, and therefore recommends that Plaintiffs be awarded $4,950.00 in attorneys' fees.

### b. Calculation of Costs

Plaintiff seeks $540.13 for the following costs incurred in prosecuting this action: (1) $350.00 for filing fees; (2) $51.85 for service of the Complaint; (3) $60.74 for online legal research; and (4) $77.54 for photocopying and mailing costs. Arostegui Decl., ¶ 11 & Ex. C. The Court finds all of the costs requested by Plaintiff are allowable.  In particular, under Civil Local Rule 54-3(a)(1), an award of the clerk's filing fee is allowable if paid by the claimant. Further, under Civil Local Rule 54-3(a)(2), service of process fees are allowable to the extent actually incurred. Finally, Plaintiff is entitled to the costs incurred for online legal research, photocopying and mailing under Article III, Section 3.4 of the Trust Agreement. Therefore, Plaintiff should be awarded $540.13 in costs.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion should be GRANTED and default judgment should be entered against Defendant. Plaintiff is entitled to an injunction requiring Defendant to submit to an audit and supply the documents specified in Plaintiff's Proposed Order, as well an award of attorneys' fees and costs in the amount of $5,490.13.

Dated: July 26, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge